IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| REBECCA HEICHEL, Individually and as Parent and Natural Guardian of MAKAYLA MILLER, A Minor<br><br>vs.<br><br>MARRIOTT HOTEL SERVICES, INC., HENSEL PHELPS CONSTRUCTION CO. AND COOPER CARRY, INC., Defendants | CIVIL ACTION<br><br>No. 2:18-CV-01981-WB |

### DEFENDANT, COOPER CARRY, INC.'S ANSWER TO PLAINTIFFS' COMPLAINT WITH AFFIRMATIVE DEFENSES AND CROSSCLAIMS

Defendant, Cooper Carry, Inc. by and through its undersigned counsel, files the within Answer, Affirmative Defenses and Crossclaims to Plaintiffs' Complaint, and avers as follows:

1. Denied. After reasonable investigation, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments and the same are therefore denied.

2. Denied. After reasonable investigation, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments and the same are therefore denied.

3. Denied. The allegations contained in the corresponding paragraph are directed to a party other than Answering Defendant, and therefore, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments and the same are therefore denied.

4. Denied. The allegations contained in the corresponding paragraph are directed to a party other than Answering Defendant, and therefore, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments and the

same are therefore denied.

5. Denied. The allegations contained in the corresponding paragraph are directed to a party other than Answering Defendant, and therefore, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments and the same are therefore denied.

6. Denied. The allegations contained in the corresponding paragraph are directed to a party other than Answering Defendant, and therefore, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments and the same are therefore denied.

7. Admitted in part, denied in part. It is admitted that Cooper Carry, Inc. is a corporation existing under the laws of the State of George with an address of 191 Peachtree Street, NE, Suite 2400, Atlanta, Georgia. The remaining averments are denied.

8. Denied. The allegations contained in the corresponding paragraph are directed to a party other than Answering Defendant, and therefore, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments and the same are therefore denied.

9. Denied. The allegations contained in the corresponding paragraph are directed to a party other than Answering Defendant, and therefore, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments and the same are therefore denied.

10. Denied. Answering Defendant specifically denies that it was in exclusive possession, management or control of 901 Massachusetts Ave. NW, Washington, D.C. 20001. The remaining averments are denied as after reasonable investigation, Answering Defendant is

without knowledge or information sufficient to form a belief as to the truth of the averments and the same are therefore denied.

11. Denied. Answering Defendant specifically denies that is was responsible for maintenance of 901 Massachusetts Ave. NW, Washington, D.C. 20001. The remaining averments are denied as after reasonable investigation, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments and the same are therefore denied.

12. Denied. The allegations contained in the corresponding paragraph constitute conclusions of law to which no response is required. To the extent that a response is deemed required, Answering Defendant specifically denies that it was responsible for construction of 901 Massachusetts Ave. NW, Washington, D.C. 20001. To the extent that a response to any remaining averments is deemed required, without specific identification as to what Plaintiffs mean by "[a]t all times relevant hereto", Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments and the same are therefore denied.

13. Denied. The allegations in the corresponding paragraph constitute conclusions of law to which no response is required. To the extent that a response is deemed required, after reasonable investigation, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments and the same are therefore denied.

## ANSWER TO COUNT I

14. Answering Defendant incorporates by reference all of the preceding paragraphs in its Answer as though set forth at length herein.

15. Denied. The allegations contained in the corresponding paragraph and its sub-

parts (a) through (f) constitute conclusions of law to which no response is required. To the extent that a response is deemed required, Answering Defendant specifically denies that it was negligent. Answering Defendant further specifically denies that it caused or permitted a dangerous condition to exist.

16. Denied. Without specific identification as to what Plaintiffs mean by "[a]t all times relevant hereto", Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments and the same are therefore denied.

17. Denied. The allegations in the corresponding paragraph constitute conclusions of law to which no response is required. To the extent that a response is deemed required, Answering Defendant specifically denies having actual notice of an unsafe or hazardous condition.

18. Denied. The allegations in the corresponding paragraph constitute conclusions of law to which no response is required. To the extent that a response is deemed required, after reasonable investigation, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments and the same are therefore denied.

19. Denied. The allegations in the corresponding paragraph constitute conclusions of law to which no response is required. To the extent that a response is deemed required, after reasonable investigation, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments and the same are therefore denied.

20. Denied. The allegations in the corresponding paragraph constitute conclusions of law to which no response is required. To the extent that a response is deemed required, after reasonable investigation, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments and the same are therefore denied.

21. Denied. The allegations in the corresponding paragraph constitute conclusions of law to which no response is required. To the extent that a response is deemed required, after reasonable investigation, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments and the same are therefore denied.

22. Denied. The allegations in the corresponding paragraph constitute conclusions of law to which no response is required. To the extent that a response is deemed required, after reasonable investigation, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments and the same are therefore denied.

23. Denied. The allegations in the corresponding paragraph constitute conclusions of law to which no response is required. To the extent that a response is deemed required, after reasonable investigation, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments and the same are therefore denied.

WHEREFORE, Defendant, Cooper Carry, Inc. demands judgment in its favor and against Plaintiffs together with any relief that this Honorable Court may deem just and proper.

## AFFIRMATIVE DEFENSES

1. Plaintiffs' Complaint fails, in whole or in part, to state a claim against Defendant on which relief may be granted.

2. The injuries suffered by Plaintiff, Makayla Miller were caused by her own contributory negligence, and therefore her claims are barred or limited.

3. The injuries sustained by Plaintiff, Mikayla Miller were caused by her own inattentiveness, and therefore her claims are barred and/or limited.

4. Plaintiff, Makayla Miller assumed the risk of her injuries, and therefore her claims are barred and/or limited.

5. Plaintiffs' injuries were caused by third parties over whom Answering Defendant had no control nor right to control.

6. Answering Defendant was not negligent, and therefore plaintiffs' claims against Answering Defendant are barred.

7. Answering Defendant did not breach any legal duty owed to plaintiffs.

8. Plaintiffs' claims may be barred by the applicable statute of limitations.

9. Plaintiffs' claims may be barred by the intervening or supervening conduct of others.

10. Plaintiffs failed to mitigate their damages.

11. Plaintiff, Makayla Miller's injuries pre-existed the date of the alleged loss, and were neither caused nor exacerbated by the alleged accident.

12. Answering Defendant was neither in possession or control of the premises at the time of the alleged accident.

13. Answering Defendant was not responsible for the alleged unreasonably slippery condition of the floor.

WHEREFORE, Defendant, Cooper Carry, Inc. demands judgment in its favor and against Plaintiffs together with any relief that this Honorable Court may deem just and proper.

### CROSSCLAIMS AGAINST DEFENDANTS, MARRIOTT HOTEL SERVICES, INC. AND HENSEL PHELPS CONSTRUCTION CO.

14. Without admitting the allegations contained therein and denying all liability to Plaintiffs, Defendant Cooper Carry, Inc. incorporates the allegations of Plaintiffs' Complaint as though set forth at length herein, for the purpose of re-pleading those allegations against defendants, Marriott Hotel Services, Inc. and Hensel Phelps Construction Co.

15. If Plaintiffs sustained injuries and damages as alleged in their Complaint, then it is alleged that such injuries or damages were caused solely by and as a direct and proximate result of the negligence of Defendants, Marriott Hotel Services, Inc. and Hensel Phelps Construction Co.

16. In the event that Defendant, Cooper Carry, Inc. is held liable for all or part of the Plaintiffs' damages, the Defendants, Marriott Hotel Services, Inc. and Hensel Phelps Construction Co. are solely liable to Plaintiffs, jointly and severally liable to Plaintiffs and/or are liable over to defendant, Cooper Carry, Inc. by way of contribution or indemnification.

WHEREFORE, Defendant, Cooper Carry, Inc. demands judgment in its favor and against all other parties together with any relief that this Honorable Court may deem just and proper.

**Bardsley, Benedict + Cholden, LLP**

By: _____
Pamela J. Devine, Esquire
7 Great Valley Parkway, Suite 290
Malvern, PA  19355
Telephone:  610-624-3959
Fax:           267-699-3833
Email:       pdevine@bbclawfirm.com
Attorneys for Cooper Carry, Inc.

## **VERIFICATION**

I, C. Robert Neal, AIA, am authorized to take this Verification on behalf of Defendant, Cooper Carry, Inc., and state that the facts set forth in the foregoing Answer to Plaintiffs' Complaint with Affirmative Defenses and Crossclaims are true and correct to the best of my knowledge, information and belief. This Verification is made subject to the penalties of 18 Pa.C.S. 4904 relating to unsworn falsification to authorities.

C. Robert Neal, AIA

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| REBECCA HEICHEL, Individually and as Parent and Natural Guardian of MAKAYLA MILLER, A Minor<br><br>vs.<br><br>MARRIOTT HOTEL SERVICES, INC., HENSEL PHELPS CONSTRUCTION CO. AND COOPER CARRY, INC., Defendants | CIVIL ACTION<br><br>No. 2:18-CV-01981-WB |

**CERTIFICATE OF SERVICE**

  I, Pamela J. Devine, Esquire, counsel for Defendant Cooper Carry, Inc. certify that a true and correct copy of the foregoing Defendant, Cooper Carry, Inc.'s Answer to Plaintiffs' Complaint With Affirmative Defenses And Crossclaims was served upon the following by email generated by the Court's electronic filing system.

Thomas F. Sacchetta, Esquire
***Sacchetta & Baldino***
308 East Second Street
Media, PA 19063
Attorneys for Plaintiff

Kevin J. Ruane, Esquire
***Campbell, Lipski & Dochney***
2000 Market Street, Suite 100
Philadelphia, PA 19103
Attorneys for Hensel Phelps Construction Co.

Paul K. Leary, Jr., Esquire
Andrea E. Hammel, Esquire
***Cozen O'Connor***
One Liberty Place
1650 Market Street, Suite 2800
Philadelphia, PA 19103
Attorneys for Defendant, Marriott Hotel Services, Inc.

**Bardsley, Benedict + Cholden, LLP**

By: _/s/ Pamela J. Devine_

Pamela J. Devine, Esquire
7 Great Valley Parkway, Suite 290
Malvern, PA 19355
Telephone: 610-624-3959
Fax: 267-699-3833
Email: pdevine@bbclawfirm.com
Attorneys for Cooper Carry, Inc.