IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **REBECCA HEICHEL,**<br>　　　　**Plaintiff,**<br><br>　　　　v.<br><br>**MARRIOTT, MARRIOTT INTERNATIONAL, INC., MARRIOTT INTERNATIONAL, INC., MARRIOTT MARQUIS WASHINGTON, D.C., HENSEL PHELPS CONSTRUCTION CO., COOPER CARRY, INC., CAPSTONE DEVELOPMENT, LLC AND QUADRANGLE DEVELOPMENT CORP.,**<br>　　　　**Defendants.** | **CIVIL ACTION**<br><br><br><br>**NO.  18-1981** |

**O R D E R**

**AND NOW**, this 9th day of July, 2018, upon consideration of Defendants' Motion to Transfer Venue (ECF No. 19); Plaintiff's Response in Opposition Thereto (ECF No. 28); and Defendants' Reply in Support of Their Motion to Transfer Venue (ECF No. 30), **IT IS ORDERED** that Defendants' motion is **DENIED**.[1]

　　　　　　　　　　　　　　　　　　　　　　　　**BY THE COURT:**

　　　　　　　　　　　　　　　　　　　　　　　　**/s/Wendy Beetlestone, J.**
　　　　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　　　**WENDY BEETLESTONE, J.**

---

[1]　　Defendants seek to transfer this case to the District of Columbia.  The domestic-transfer statute authorizes a district court to "transfer any civil action to any other district or division where it might have been brought" for "the convenience of parties and witnesses, in the interest of justice."  28 U.S.C. § 1404(a).  Defendants contend that transfer is warranted because the

dispute occurred in D.C.; Plaintiff's daughter allegedly suffered an injury from a slip-and-fall in Defendants' D.C. hotel, where many of the witnesses are.

In deciding a motion to transfer, "courts have considered many variants of the private and public interests protected by the language of § 1404(a)." *Jumara v. State Farm. Ins. Co.*, 55 F.3d 873, 879 (3d Cir. 1995) (internal citations omitted).

Private interests to be considered include the "plaintiff's forum preference as manifested in the original choice; the defendant's preference; whether the claim arose elsewhere; the convenience of the parties as indicated by their relative physical and financial condition; the convenience of the witnesses—but only to the extent that the witnesses may actually be unavailable for trial in one of the fora; and the location of books and records (similarly limited to the extent that the files could not be produced in the alternative forum)." *Id.*

On the other hand, the relevant public interests include "the enforceability of the judgment, practical considerations that could make the trial easy, expeditious, or inexpensive; the relative administrative difficulty in the two fora resulting from court congestion; the local interest in deciding local controversies at home; the public policies of the fora; and the familiarity of the trial judge with the applicable state law in diversity cases." *Id*. at 879-80.

Weighing the above factors, the Court concludes that transfer is not warranted. As to the private interests, Plaintiff's original choice was to have this dispute heard in Philadelphia. Concerns about convenience based on physical and financial condition also tip in Plaintiff's favor. Plaintiff and her daughter live in Philadelphia and would have to travel to another forum to litigate this case. According to Plaintiff, travel would be difficult for her daughter, who is still suffering from effects of the slip and fall. There is also no indication that either the witnesses or the location of books and records will be unavailable in Philadelphia. *See id*. at 879. Although Defendants would like to have this dispute transferred to D.C., the private interests still outweigh their preference.

The public factors similarly are not so weighty so as to displace Plaintiff's venue preference. As to the practical considerations of having an expeditious trial, there will be witnesses in both Philadelphia and D.C. Further, Defendants have not pointed to any particular complexities of D.C. negligence law that would render the adjudication of this case difficult. And while D.C. may have an interest in deciding a local controversy, this factor does not otherwise carry the day for Defendants. *See id*. ("[P]laintiff's choice of venue should not be lightly disturbed."). Defendants' motion to transfer venue shall therefore be denied.