**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| REBECCA HEICHEL, Individually and as p/n/g of MAKAYLA MILLER, a minor<br><br>    v.<br><br>MARRIOTT HOTEL SERVICES, INC., HENSEL PHELPS CONSTRUCTION CO. and COOPER CARRY, INC. | **Civil Action No. 2:18-cv-01981-WB** |

**ANSWER OF DEFENDANT, HENSEL PHELPS CONSTRUCTION CO., TO COMPLAINT WITH AFFIRMATIVE DEFENSES AND CROSS-CLAIMS**

1-2.   Denied. Answering Defendant is without information or knowledge sufficient to admit or deny the averments of paragraphs 1 and 2 of the Complaint and those averments are all therefore denied pursuant to F.R.C.P. 8 (b).

3-5.   The averments of paragraphs 3 through 5 of the Complaint are addressed to parties originally named as defendants which have since been replaced by Defendant Marriott Hotel Services, Inc. by stipulation of the parties. No response to these averments by answering Defendant is necessary.

6.   Admitted in part and denied in part. Answering Defendant is a general partnership which does maintain its principal place of business at the address referred to.

Answering Defendant denies that it is organized and existing pursuant to the laws of the Commonwealth Pennsylvania. Rather, answering Defendant is a Delaware general partnership.

By way of further answer, is denied that answering Defendant regularly conducts business in Philadelphia County and elsewhere in Pennsylvania.

7. The averments of paragraph 7 of the Complaint are addressed to a party other than answering Defendants and therefore no response is required.

8-9. The averments of paragraphs 8 and 9 of the Complaint are addressed to parties originally named as defendants which have since been replaced by Defendant Marriott Hotel Services, Inc. by stipulation of the parties. No response to these averments by answering Defendant is necessary.

10-11. Denied. Answering Defendant denies all of the averments of paragraphs 10 and 11 of the Complaint pursuant to F.R.C.P. 8.

12. Denied as stated. Answering Defendant admits that he was involved in the construction of the building known as Marriott Marquis Washington DC. Answering Defendant impairs that construction had been completed several years prior to the date referred to in the Complaint and therefore the averments of paragraph 12 are denied pursuant to F.R.C.P. 8.

13. Denied. Answering Defendant denies all of the averments of paragraph 13 of the Complaint pursuant to F.R.C.P. 8.

### COUNT I-NEGLIGENCE
**Plaintiff, Rebecca Heichel, as parent and natural guardian of Makayla Miller, Minor v. Marriott Hotel Services, Inc., Hensel Phelps Construction Co. And Cooper Carry, Inc.**

14. Answering Defendant incorporates by reference its answer to paragraphs 1 through 13 of the Complaint as though the same were more fully set forth herein at length.

15. Denied. Answering Defendant denies all of the averments of paragraph 15 (a)-(f) of the Complaint pursuant to F.R.C.P. 8.

16-17. Denied. Plaintiffs have failed to identify with particularity the alleged employees, servants and agents referred to in paragraphs 16 and 17 of the Complaint and answering Defendant is without information or knowledge sufficient to admit or deny the averments of

paragraph 16 and they are all therefore denied pursuant to F.R.C.P. 8.

18-23.  Denied. Answering Defendant denies all of the averments of paragraphs 18 through 23 of the Complaint pursuant to F.R.C.P. 8.

**WHEREFORE,** answering Defendant demands that the Complaint be dismissed and that judgment be entered in its favor and against Plaintiffs.

## AFFIRMATIVE DEFENSES

24. Answering Defendant believes and therefore avers that Plaintiff has failed to set forth a cause of action against it upon which relief may be granted.

25. Answering Defendant believes and therefore avers that if the incident referred to in the Complaint occurred as alleged, which is specifically denied, then said incident and all alleged damages resulting therefrom occurred solely and exclusively as a result of Plaintiff's own comparative negligence.

26. Answering Defendant believes and therefore avers that if the incident referred to in the Complaint occurred as alleged, which is specifically denied, then said incident and all alleged damages resulting therefrom occurred solely and exclusively as a result of Plaintiff's own contributory negligence.

27. Answering Defendant believes and therefore avers that if the incident referred to in the Complaint occurred as alleged, which is specifically denied, then said incident and all alleged damages resulting therefrom occurred solely and exclusively as a result of Plaintiff's own recklessness.

28. Answering Defendant believes and therefore avers that if the incident referred to in the Complaint occurred as alleged, which is specifically denied, then said incident and all alleged damages resulting therefrom occurred solely and exclusively as a result of Plaintiff's

assumption of the risk.

29. Answering Defendant believes and therefore avers that if the incident referred to in the Complaint occurred as alleged, which is specifically denied, then said incident and all alleged damages resulting therefrom occurred solely and exclusively as a result of the actions and/or omissions of other persons, parties or entities over whom answering Defendant had no control nor right of control and whose actions and/or omissions constitute intervening and/or superseding causes of liability.

**WHEREFORE,** answering Defendant demands that the Complaint be dismissed and that the judgment entered in its favor and against Plaintiff.

## CROSS-CLAIMS

1. Answering Defendant believes and avers that if the incident referred to in the Complaint occurred as alleged, which is specifically denied, then said incident and all alleged damages resulting therefrom were caused by the actions and/or omissions of co-Defendants, Marriott Hotel Services, Inc. and Cooper Carry Inc.

2. In the event that Defendant, Hensel Phelps Construction Co., is held liable for all or part of the Plaintiff's damages, Defendant, Hensel Phelps Construction Co., avers that Defendants, Marriott Hotel Services, Inc. and Cooper Carry, Inc. are solely liable to Plaintiffs, jointly and severally liable to Plaintiffs and/or are liable over to Defendant, Hensel Phelps Construction Co., by way of contractual and/or common law contribution and/or indemnification.

**WHEREFORE,** answering Defendant demands that judgment be entered in its favor and against Defendants, Marriott Hotel Services, Inc. and Cooper Carry, Inc.

Respectfully submitted,

*/s/ Kevin J. Ruane*

_____
Kevin J. Ruane, Esquire
Attorney I.D. 30584
CAMPBELL, LIPSKI & DOCHNEY
2000 Market Street – Suite 1100
Philadelphia, PA 19103
(215) 861-6700
Attorney for Defendant,
Hensel Phelps Construction Co.