IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

REBECCA HEICHEL,
    Plaintiff,

v.

MARRIOTT HOTEL SERVICES, INC.,
MARRIOTT INTERNATIONAL, INC.,
HENSEL PHELPS CONSTRUCTION CO.,
COOPER CARRY, INC.,
    Defendants.

CIVIL ACTION

NO. 18-1981

FILED
JAN 24 2019
KATE BARKMAN, Clerk
By_____ Dep. Clerk

## MEMORANDUM OPINION

Plaintiff Rebecca Heichel brings this negligence action against Defendants Marriott Hotel Services, Inc., Marriott International, Inc., Hensel Phelps Construction Co., and Cooper Carry, Inc., for injuries stemming from a slip and fall at a Washington, D.C. hotel. Defendants now move to determine choice of law for this action: they assert that the law of Washington, D.C. should govern all substantive issues. Plaintiff opposes, arguing that Pennsylvania law controls. For the reasons that follow, Defendants' motion shall be granted.

### I. BACKGROUND

On September 2, 2017, Mikayla Miller, then 13 years old, slipped and fell in the lobby of the Marriott Marquis Hotel in Washington, D.C., where she was a guest. That day, it had rained. Plaintiff asserts that the marble floor was slick, and that there were no mats or signs to abate or advise of the slippery conditions. After the fall, Miller experienced medical difficulties, including back pain and post-concussive symptoms. Miller's mother, Plaintiff Heichel, brings this suit as Miller's parent and natural guardian. Both Miller and Heichel are residents of Pennsylvania. Defendants manage and maintain the hotel. None are incorporated in Washington, D.C., nor maintain a principal place of business there.

## II. DISCUSSION

"[A] federal court sitting in diversity [must] apply the choice-of-law rules of the forum state, which is Pennsylvania in this case." *Pac. Employers Ins. Co. v. Glob. Reinsurance Corp. of Am.*, 693 F.3d 417, 432 (3d Cir. 2012). Pennsylvania has adopted a "flexible approach to choice of law" that requires "evaluating qualitatively" the relationship each forum has to the controversy. *Griffith v. United Air Lines, Inc.*, 203 A.2d 796, 806 (Pa. 1964).

In Pennsylvania, "the first part of the choice of law inquiry is best understood as determining if there is an *actual* or real conflict between the potentially applicable laws." *Hammersmith v. TIG Ins. Co.*, 480 F.3d 220, 230 (3d Cir. 2007) (emphasis in original); *see also Budtel Assocs., LP v. Cont'l Cas. Co.*, 915 A.2d 640, 645 (Pa. Super. 2006). The parties agree that there is an actual conflict between the laws of Washington, D.C. and Pennsylvania: in Washington, D.C., a plaintiff's contributory negligence generally bars recovery, *see Fisher v. Latney*, 146 A.3d 88, 93 (D.C. 2016); in Pennsylvania, under the state's comparative negligence rule, "contributory negligence shall not bar a recovery by the plaintiff . . . where such negligence was not greater than the causal negligence of the defendant or defendants," 42 Pa. C.S.A. § 7102 (a). The laws of Washington, D.C. and Pennsylvania further differ in the calculation of damages. *Compare Calva-Cerqueira v. United States*, 281 F. Supp. 2d 279, 296 (D.D.C. 2003) (analyzing District of Columbia law to "discount to present value lump-sum damages awards intended to compensate for future medical costs or future lost wages"); *with Helpin v. Trustees of Univ. of Pa.*, 10 A.3d 267, 272-77 (2010) (discussing and reaffirming Pennsylvania's "total offset method" for calculating lump sum awards based on lost future income).

Since there is an actual conflict, the next step is to determine whether there is a "true conflict," meaning that "both states' interests would be harmed by the application of the other

2

state's law." *Specialty Surfaces Int'l, Inc. v. Cont'l Cas. Co.*, 609 F.3d 223, 230 (3d Cir. 2010); *see also Stange v. Janssen Pharm., Inc.*, 179 A.3d 45, 65 (Pa. Super. 2018) ("A true conflict occurs where an analysis of the policies underlying each of the conflicting laws reveals that, in each case, application of the respective state's law would further its corresponding policy."). Here, there is a "true conflict" because "Pennsylvania has an important interest in protecting its citizens against tortious conduct," while Washington, D.C. maintains an interest in generally "protect[ing] defendants from tort claims if the plaintiff is found to be negligent to any degree." *Marks v. Redner's Warehouse Markets*, 136 A.3d 984, 989 (Pa. Super. 2016).

If a true conflict exists, courts must determine which jurisdiction has the "most significant relationship to the parties and the occurrence." *Stange*, 179 A.3d at 66. In weighing these considerations, Pennsylvania courts look to the Restatement (Second) of Conflicts. *See id.* at 65; *see also State Auto Prop. & Cas. Ins. Co. v. Moser*, 2018 WL 2093596, at *3 (Pa. Super. 2018). Plaintiff is a resident of Pennsylvania, while none of the Defendants are residents of either Washington, D.C. or Pennsylvania. However, the incident itself occurred in Washington, D.C., and Pennsylvania courts generally follow the lead of the Restatement (Second), which "favors the application of the law of the state where the injury occurred." *State Auto*, 2018 WL 2093596, at *3 (citing Restatement (Second) of Conflict of Laws § 146 (1983)). Further, the incident occurred at a hotel, and, as Pennsylvania courts have noted, "[a] hotel owner relies on the laws of the state in which the hotel is located to determine the standard of conduct required of him." *Levin by Levin v. Desert Palace Inc.*, 465 A.2d 1019, 1021 (Pa. Super. 1983). The maintenance of the hotel is at the center of this dispute, and "the use of and condition of property," are "traditionally matters of local control." *Shuder v. McDonald's Corp.*, 859 F.2d 266, 272 (3d Cir. 1988). More broadly, Washington, D.C. "has an interest in regulating the

conduct of, and prescribing the liability of, businesses operating within its borders." *Marks*, 136 A.3d at 989-90. Accordingly, weighing these considerations together, Washington, D.C. has the most significant relationship to this case, and thus its substantive law should govern.

Plaintiff's arguments to the contrary are unavailing. Plaintiff asserts that there is no "true conflict" here—but only a so-called "false conflict"—because Washington, D.C. has no interest that could be affected by this case. Plaintiff points out that she was only temporarily in Washington, D.C., that no Defendant is a resident of Washington, D.C., and that certain of Defendants operate hotels throughout the country. For support, plaintiff relies on *Griffith v. United Air Lines Inc.*, 203 A.2d 796, and *Carter v. Nat'l R.R. Passenger Corp.*, 413 F. Supp.2d 495 (E.D. Pa. 2005). *Griffith* was a tort suit stemming from an airplane crash in Colorado; the Pennsylvania Supreme Court found that Colorado did not have a sufficient interest in the case for its substantive law to govern, largely because "the site of the accident was purely fortuitous." 203 A.2d at 806. *Carter* pertained to an injury sustained while disembarking a train in Maryland; the district court found that Amtrak—a government-incorporated company that operates throughout the east coast—had no significant relationship to Maryland, and that Maryland had no "interesting in limiting Amtrak's liability to protect the state's business climate." 413 F. Supp.2d at 500.

Here, the considerations animating *Griffith* and *Carter* are largely inapt. Miller's presence in Washington, D.C., was intentional, rather than fortuitous, since she planned a trip to Washington, D.C. and was a guest of the hotel. Further, her stay was at least overnight, and thus the contact between the plaintiff, the hotel, and the forum was more significant than in either *Griffith* or *Carter*. And, as the Third Circuit has explained in discussing *Griffith*, there is a difference in kind between an accident occurring on a "moving instrumentality," as in *Griffith* or

4

*Carter*, and one arising from "the use of and condition of property," which is "traditionally [a] matter[] of local control." *Shuder*, 859 F.2d at 272. Finally, unlike in *Carter*, Washington, D.C. plainly has an interest in regulating the liabilities of its hotels, since the hospitality industry is an important component of the business climate. Indeed, on Plaintiff's theory, hotels may well risk becoming subject to the substantive law of the home state of each of its guests—an outcome that Pennsylvania courts have rejected. *See Levin*, 465 A.2d at 1021 ("A hotel owner relies on the laws of the state in which the hotel is located to determine the standard of conduct required of him. It could not be expected that a hotel should comply with the laws of all the states of which its guests are citizens."). Accordingly, *Griffith* and *Carter* do not require that Pennsylvania law apply here.

For the reasons given, Defendants' motion to determine choice of law shall be granted, and the law of Washington, D.C. shall govern this action.

An appropriate order follows.

**January 24, 2019.**

BY THE COURT:

**WENDY BEETLESTONE, J.**